1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

14
15
16
17
18
19
20

| | |
|---|---|
| L. TUCKER, | ) |
|       Petitioner, | )  1:04-cv-05773-REC-TAG HC |
| | )  INFORMATIONAL ORDER |
|    v. | ) |
| | ) |
| STUART J. RYAN, Warden, | ) |
| | ) |
|       Respondent. | ) |
| _____ | ) |

21    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

22  pursuant to 28 U.S.C. § 2254.

23                                          **DISCUSSION**

24    On May 27, 2004, Petitioner filed the instant petition for writ of habeas corpus in the

25  United States District Court for the Eastern District of California, Fresno Division. (Doc. 1.)

26  Petitioner raises the following four grounds for relief: (1) Petitioner's constitutional rights under

27  the Fourteenth Amendment were violated by (a) the Superior Court's denial of his Marsden

28  motion to obtain new counsel; (b) imposition of an "illegal charged offense, sentence and

1

enhancement"because § 4502(a) did not apply to Petitioner; (c) Petitioner was "never officially charged with three strikes, and the abstract of judgment does not reflect a conviction of three strikes"; (d) the razor blade was not a "prohibited item"; (e) the sentence imposed was in violation of the "Multiple Sentencing Law" as an illegal sentence because the four predicate strike convictions "were the same"; and (f) it was improper to permit the verdict to be read while Petitioner was not present; (2) prosecutorial misconduct in the playing of a videotape for the jury of proceedings in Petitioner's unrelated homicide case, the Superior Court erroneously denied Petitioner's motion for a mistrial based upon this prosecutorial misconduct, and the Superior Court erred in permitting the jury to take the videotape into the jury room during deliberations; (3) denial of Petitioner's Sixth Amendment right to counsel when the Superior Court denied Petitioner's <u>Marsden</u>, motion seeking to replace his attorney; and (4) Denial of Equal Protection and Due Process as to the charged offense, asserting that (a) bail was set at $1 million without objection by his "defense attorney or the court"; (b) the offense charged was "contrary to law for an alleged attempt to slice [Petitioner's] own neck"; (c) there was testimony at trial that Petitioner did not have a razor blade; (d) following remand, the Superior Court and the California Department of Corrections failed to change Petitioner's sentence or custody status as required by the appellate court; (e) the Superior Court refused to return Petitioner to court for proceedings related to changing his sentence and custody status; and (f) Penal Code § 4502(a) did not apply to a parolee such as Petitioner, and cannot be proved by possession of a razor blade sold in the county jail commissary to inmates.  (Doc. 1, pp. 5-6D1.)

On December 9, 2004, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims.  On December 27, 2001, Petitioner filed an opposition to Respondent's motion to dismiss. (Doc. 22).  On March 11, 2005, the Magistrate Judge issued Findings and Recommendations that the motion to dismiss be granted in part because portions of Grounds One and Four were not exhausted.  (Doc. 28).  The Findings and Recommendations recommended that the petition be dismissed or, in the alternative, that Petitioner be granted leave to withdraw the unexhausted claims in lieu of suffering dismissal. (<u>Id</u>.).

On March 30, 2005, after the issuance of the Magistrate Judge's Findings and Recommendations, but before it had been adopted by the United States District Judge, the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528 (2005).   Until that decision, federal case law had required that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  In Rhines, recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 125 S.Ct. at 1533-1534.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

Although this case does not at this time present the issue of whether a "stay and abey" order is appropriate, because Petitioner has not made such a request of the Court, it does raise the issue of the propriety, in light of Rhines, of the dismissal of the *entire* Petition due to *partially* unexhausted claims.  In Rhines, the Supreme Court made clear that, when presented with a mixed petition such as in this case, the Court must consider whether dismissal "would unreasonably impair the petitioner's right to obtain federal relief" in light of AEDPA's one-year statute of limitations.  Id.

_____

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

1    Considering carefully the principles articulated in <u>Rhines</u>, and mindful of the possibility

2    that Petitioner may face statute of limitations problems should District Court adopt the Report

3    and Recommendation to dismiss the instant Petition in its entirety, the Court is issuing this

4    Informational Order to Petitioner to advise him of the change in federal habeas corpus law

5    occasioned by the <u>Rhines</u> decision and the potential availability of a "stay and abey" procedure

6    authorized by that case if a federal habeas petitioner makes a showing that: (1) he has good cause

7    for his failure to exhaust; (2) his unexhausted claims are potentially meritorious, and (3) there is

8    no indication that the petitioner is engaging in intentionally dilatory litigation tactics.

9    The purpose of seeking a stay would be to hold further proceedings in this case in

10   abeyance while Petitioner exhausts his unexhausted claims in state court.  Any motion to "stay

11   and abey" the instant habeas proceedings must specifically request such relief, be appropriately

12   captioned, and contain information sufficient to satisfy the Court that the three aforementioned

13   requirements for granting a stay are satisfied in this case.   In addition, Petitioner would be

14   expected immediately to commence state habeas proceedings in order to exhaust the unexhausted

15   claims.  Petitioner would also be expected to pursue state remedies with diligence and in good

16   faith.  At the conclusion of the state habeas proceedings, a petitioner who is successful in

17   exhausting his claims  would normally be granted leave to amend the petition to include the

18   newly-exhausted claims.  In this way, a petitioner would be able to exhaust his claims without

19   running afoul of AEDPA's one-year statute of limitations.

20   By issuing this Information Order the Court is not taking a position regarding what, if

21   any, action Petitioner should take in this case.  This Order is *informational only.*  Nothing in this

22   Order obligates Petitioner in any way to respond.  Petitioner still has the option to withdraw the

23   unexhausted claims and proceed on the exhausted claims, or have the entire petition dismissed

24   pursuant to the Findings and Recommendations of March 11, 2005.  Thirty days from the date of

25   this order, the Magistrate Judge will provide the District Court with an Order to Adopt the

26   Findings and Recommendations of March 11, 2005, recommending dismissal of the petition in

27   ///

28   ///

1   its entirety, unless the Court has by that time received a motion from Petitioner to stay these

2   proceedings that satisfies the requirements of Rhines v. Weber discussed above.

3

4   IT IS SO ORDERED.

5   **Dated:   June 10, 2005**              **/s/ Theresa A. Goldner**
    j6eb3d                                 UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28