UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD L. TUCKER, | ) | 1:04-cv-05773-REC-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING RESPONDENT TO SUBMIT ANSWER |
| | ) | |
| v. | ) | |
| | ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| STUART J. RYAN, Warden, | ) | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On March 11, 2005, the Magistrate Judge assigned to the case filed a Report and Recommendation recommending that the petition for writ of habeas corpus be dismissed because it contained claims that Petitioner had not fully exhausted in state court. (Doc. 28). On June 13, 2005, the Court issued an informational order (Doc. 35), apprising Petitioner of the United States Supreme Court decision in Rhines v. Weber, 125 S.Ct. 1528 (2005), which authorizes the limited use of a "stay and abey" procedure in cases where, as here, a petitioner had filed a "mixed" habeas corpus petition and where petitioner has met certain criteria. Rhines, 125 S.Ct. at 1535. The Court's order gave Petitioner thirty days in which to respond before the Court would refer the Report and Recommendation to the district judge. (Doc. 35).

1  On June 24, 2005, in response to the Court's informational order, Petitioner filed a
2  motion for leave to withdraw his unexhausted claims and proceed on his exhausted claims.
3  (Doc. 36). As grounds therefore, Petitioner asserted that because his direct appeal has produced
4  a re-sentencing hearing on a prior conviction used to enhance his sentence, he wished to proceed
5  with the unexhausted claims after the unexhausted claims had been dismissed. (Id. at p. 2).
6  On June 29, 2005, the Court issued a Report and Recommendation recommending that
7  Petitioner's request to withdraw the unexhausted claims be granted. (Doc. 37). On August 3,
8  2005, the District Judge adopted the Magistrate Judge's Report and Recommendation. (Doc.
9  38).

**DISCUSSION**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted a preliminary review of Petitioner's petition subsequent to the District Judge's order removing the unexhausted claims.[1] Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[2] the Court HEREBY ORDERS:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Petitioner's Petition within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

2. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petitioner's Petition. Rule 5 of the Rules Governing Section 2254 Cases.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or other pleading . . . or to take such other action as the judge deems appropriate."

[2] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

3. Any argument by Respondent that Petitioner has procedurally defaulted a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

4. Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **August 17, 2005**              **/s/ Theresa A. Goldner**
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE